NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014
Decided April 18, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3224

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-30005-001 |
| MARY ANN BOHLEN, *Defendant-Appellant.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

For four years Mary Bohlen embezzled money from bank accounts she controlled. She was treasurer of the Illinois Correctional Employees Memorial Association fund, which assists families of Department of Corrections employees killed or permanently injured in the line of duty. Bohlen recruited new members and solicited donations while skimming more than $50,000 for herself. And in her regular employment as assistant deputy director and supervisor of accounting at DOC, Bohlen stole around $27,000 from several DOC funds. She pleaded guilty to two counts of mail fraud, 18 U.S.C. § 1341, and two counts of theft from an organization that receives federal funds, *id.* § 666(a)(1)(A). After calculating a guidelines imprisonment range of 21

to 27 months, the district court sentenced Bohlen to 21 months and ordered her to pay restitution.

Bohlen filed a notice of appeal, but her appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Bohlen has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, No. 13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Bohlen has no interest in challenging her guilty pleas. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Bohlen could argue that the district court clearly erred by assigning an 8-level upward adjustment based on a calculated loss of $77,889, *see* U.S.S.G. § 2B1.1(b)(1)(E), and concludes that it would be frivolous for her to do so. We agree. Bohlen objected to that calculation, arguing that the increase should be limited to 6 levels because she used the money stolen from the DOC accounts to "repay" about $27,000 of the funds taken from the memorial account before the embezzlements were discovered. *Id.* § 2B1.1(b)(1)(D) & cmt. n.3(E)(i). Though she did not contest the total loss amount, she argued that $27,000 should have been credited against it. *See id.* § 2B1.1(b) cmt. n.3(E)(i). But courts need not deduct from the loss amount money that the defendant spent facilitating a continuing fraud. *See United States v. Powell*, 576 F.3d 482, 497 (7th Cir. 2009); *United States v. Spano*, 421 F.3d 599, 607 (7th Cir. 2005); *United States v. Mucciante*, 21 F.3d 1228, 1238 (2d Cir. 1994) (concluding that defendant was not entitled to credit since repayment was "meretricious effort" to perpetuate scheme). Bohlen repaid the $27,000 with money she had stolen from the inmate accounts in order to conceal her embezzlement from the memorial account and enable her to keep stealing, which she did for three more years. The presentence report noted as much and Bohlen did not object, and the district court adopted this factual finding. The judge's total calculation, then, was not "outside the realm of permissible computations." *See United States v. Radziszewski*, 474 F.3d 480, 486 (7th Cir. 2007) (quotation marks and citation omitted).

Counsel next considers whether Bohlen could argue that the district court abused its discretion by imposing a special condition of supervised release that prohibited her from frequenting places where gambling occurs. District courts have authority to impose special conditions not explicitly mandated by statute, 18 U.S.C. § 3583(d), but those conditions must reasonably relate to the nature and circumstances of the case, and they must not infringe the defendant's liberty more than reasonably necessary to deter, and protect the public from, future crimes. *See id.* §§ 3553(a), 3583(c), (d); U.S.S.G. § 5D1.3(b); *United States v. Silvious*, 512 F.3d 364, 370–71 (7th Cir. 2008).

Preventing a defendant with a gambling problem from gambling or frequenting places where gambling occurs is a permissible condition of supervised release, *Silvious*, 512 F.3d at 371, and on this record we agree with counsel's conclusion that a challenge to the gambling restriction on Bohlen would be frivolous. Bohlen admitted that she had gambled with the embezzled funds and liked frequenting casinos. *See United States v. Brown*, 136 F.3d 1176, 1186 (7th Cir. 1998). The court thus imposed the condition to ensure that her income would go toward restitution and not gambling. And although Bohlen argued that the restriction would limit her ability to find a waitressing job, the district judge explained that many restaurants do not allow gambling.

Counsel finally evaluates whether Bohlen could argue that her concurrent prison sentences are unreasonably long and rightly concludes that this potential claim would be frivolous. Her lack of criminal history placed her in Category I, which, combined with her total offense level of 16, yielded an imprisonment range of 21 to 27 months. Her 21-month sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013), and nothing about this case warrants an exception to that presumption. Before imposing the sentence the judge considered Bohlen's mental-health issues and her need to care for her mother. On the other hand, the judge considered that Bohlen was stealing money that was intended for families of DOC employees killed in the line of duty and that she may never be able to fully repay the amount that she stole. *See* 18 U.S.C. § 3553(a).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.